CRAIG, THOMPSON & JEFFRIES v. BAR-
            REDA.  (No. 5822.)

(Court of Civil Appeals of Texas.  San An-
tonio.  May 3, 1917.  On Motion for Rehear-
ing, June 20, 1917.  Second Motion for Re-
hearing Denied Oct. 24, 1917.)

1. APPEAL AND ERROR ☞927(7) — PEREMP-
   TORY INSTRUCTION—DEFENDANT'S CASE.
      In determining whether the trial court
   should have given a peremptory instruction for
   plaintiff, it is proper to view the case in accord-
   ance with defendants' pleadings and evidence.

2. SALES ☞90 — SUBSTITUTED AGREEMENT—
   PERFORMANCE — SUIT ON ORIGINAL CON-
   TRACT.
      Where a contract was made for the sale of
   cattle, and the buyers refused to perform when
   the contract was executory as to both parties,
   and thereupon a substitute contract was made
   whereby the seller agreed to accept a lower
   price than that named in the contract if the
   buyer would take the cattle, and such substitute
   contract was fully performed by both parties,
   the cattle being delivered and the price named
   in the substitute contract paid, the seller can-
   not sue on the original contract as if it had
   been carried out in every respect except that
   the buyers had not paid all the purchase money
   stipulated, though, when the buyers refused to
   carry out their contract, the seller could have
   treated it as broken and have sued for dam-
   ages.

                On Motion for Rehearing.

3. SALES ☞60—AMBIGUITY AS TO PASSING
   OF TITLE—CONSTRUCTION BY PARTIES.
      Where a contract for the sale of cattle
   located in Mexico at a price per head pro-
   vided that the buyers should pay all expenses
   for gathering the cattle and bringing them into
   Texas, including consular papers, duties, and
   other expenses, and that the cattle should be
   paid for as soon as they reached the American
   side of the Rio Grande river at Eagle Pass,
   such contract admitting of a doubt as to the
   intention of the parties as to when title should
   pass, the construction placed thereon by the
   parties was controlling.

4. APPEAL AND ERROR ☞171(3)—REVIEW—
   MATTER NOT PLEADED.
      In an action to recover the price per head
   for cattle specified in the original contract for
   their sale, later reduced by the seller on the
   buyers' refusal to perform, where the seller
   did not answer the buyers' plea with any charge
   that, if a modification such as pleaded was actu-
   ally made, it was induced by mistake or fraud,
   the Court of Civil Appeals cannot dispose of
   the case on any such theory, no matter what
   conclusion it might reach from the evidence.

      Error from District Court, Maverick
County; Joseph Jones, Judge.

      Suit by Ramon Barreda against Craig,
Thompson & Jeffries.  To review a judgment
for plaintiff, defendants bring error.  Re-
versed, and cause remanded.

      C. K. McDowell and Boggess & Smith, all
of Del Rio, and Ed H. Wicks, of San An-
tonio, for plaintiffs in error.  Sanford &
Wright, of Eagle Pass, for defendant in er-
ror.

      MOURSUND, J.   Ramon Barreda sued
Craig, Thompson & Jeffries to recover dam-
ages in the sum of $2,394, alleging that on
January 9, 1914, at Laredo, Tex., he entered

into a written contract with said defendants
for the sale of all the cattle he had, located
at Candela, Coahuila, in the republic of Mex-
ico, for which defendants agreed to pay $19
per head, United States currency, except for
calves, for which only $5 per head was to be
paid; that defendants were also to pay all
expenses for gathering the cattle and bring-
ing them to Texas, including consular papers,
duties, and other expenses that might occur,
and the cattle were to be paid for as soon
as they reached the American side of the
Rio Grande at Eagle Pass, Tex.; that the cat-
tle were gathered and were about to be tak-
en across the Rio Grande, when defendants
Thompson and Craig, acting for defendant
firm, represented to plaintiff in Eagle Pass
that the authorities in Mexico were charging
and demanding that 10 pesos per head be
paid before they would permit the cattle to
be taken across the line, and requested plain-
tiff to reduce the price to $12 per head for
the cattle; that thereupon plaintiff advised
defendants to pay the duty and cross the
cattle, and if in fact they had to pay 10
pesos per head plaintiff would accept $12
per head for the cattle and deliver the cat-
tle; that the defendants thereupon paid the
duty required of them and crossed the cat-
tle, and in answer to inquiry made by plain-
tiff, who did not know what amount had
been exacted, represented to plaintiff they
had paid 10 pesos per head as duty, and, re-
lying upon such representation, plaintiff ac-
cepted the $12 per head and delivered the
cattle; that this representation was false,
as defendants did not pay said amount or
anything near that amount, and was fraudu-
lently made to induce plaintiff to accept the
reduced price.  Plaintiff alleged that the dif-
ference in the sum contracted to be paid and
the price accepted on account of such repre-
sentation was $2,394.  He also alleged that
the original contract had not in any way
become oppressive upon defendants, and that
there was no consideration moving from
them to him for the alteration of the origi-
nal contract.

      Defendants answered by general denial
and a special answer to the effect that be-
fore the cattle reached the border defend-
ants were informed that the Huerta govern-
ment, then in control of the Mexican part
of Piedras Negras, had levied an export tax
or duty of 10 pesos per head on all cattle
exported; that defendants, believing said tax
had been levied, informed plaintiff that by
reason of the changed conditions arising
subsequent to the execution of said contract,
and the probability that the crossing of the
cattle would be delayed and rendered more
expensive than was originally contemplated,
they could not and would not carry out said
contract according to its original terms;
that thereupon plaintiff opened negotiations
for a mutual modification of the contract,

and a modification was agreed to by which defendants were to pay $12 per head for all cattle delivered and to bear all the costs and expense of crossing the same; that pursuant to this agreement the defendants paid the charges and crossed the cattle, and plaintiff then delivered said cattle to defendants, who paid him $6,504 for same, and plaintiff executed to defendants his bill of sale therefor.

The court gave a peremptory instruction in favor of plaintiff, and upon the verdict returned pursuant thereto entered judgment for the amount sued for.

The petition, in substance, alleges that it was agreed to modify the original contract provided a duty of 10 pesos per head was exacted; that in fact no such duty was exacted, but by fraudulent representations defendants induced plaintiff to believe that such a duty had been collected, and by reason of such fraud plaintiff parted with his cattle for less than he was entitled to receive. There is no allegation that such conditional modification was induced by fraud, accident, or mistake, but it is averred that the original contract did not become burdensome upon defendants, and that no consideration inured to plaintiff for such conditional modification.

Defendants filed a general denial, and then pleaded that a substitute contract had been made, setting out the terms thereof, and that it had been fully performed by both parties thereto.

The testimony introduced in behalf of each party corresponded with his pleadings, thus making issues of fact to be determined by the jury, unless plaintiff is entitled to recover upon the original contract the sum sued for by him, upon the theory that the obligations thereby created remain in full force and effect.

This is a case in which the buyer refused to perform his contract, while something remained to be done by both parties thereto, whereupon a substitute contract was entered into by which the seller agreed to accept a lower price than that named in the contract if the buyer would take the cattle, and such substitute contract was fully performed by both parties, the cattle being delivered and the price named in the substitute contract paid.

[1] We state the case in accordance with defendants' pleadings and evidence because it is proper to do so in determining whether the court should have given the peremptory instruction. The case of Jones & Carey v. Risley, 91 Tex. 1, 32 S. W. 1027, is authority for the proposition that the seller could not have enforced the substitute contract, because it was not based upon a new consideration, even though made at a time when neither party had fully performed his part of the contract. But this is not a suit to enforce the substitute contract. That contract was fully performed by both parties. The suit is upon the original contract for the difference between the price contracted to be paid under such contract and the price received under the substitute contract. Many authorities on the subject of consideration for new agreements abrogating or altering prior contracts will be found collated and discussed in the note to Morecraft v. Allen, L. R. A. 1915B, 1, and in the editor's "Conclusion" to the note appears the following statement:

"If a new agreement abrogates, alters, or supplants an old one, and is fully executed by performance on both sides, inquiry into its consideration is closed."

[2] We believe the rule just stated should be applied in this case. When the buyers refused to carry out their contract, the seller could have treated it as breached and have sued for damages, but, being unable to find another buyer, he entered into negotiations with the buyers which culminated in the making of the substitute agreement. That agreement was fully performed, and the seller should not be permitted to sue on the original contract as if it had been carried out in every respect except that the seller had not been paid all the purchase money stipulated therein to be paid by the buyers.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Defendant in error contends that by the terms of the contract the title to the cattle was vested in plaintiffs in error at the time they refused to further perform their obligations under the contract, and that therefore our decision is in direct conflict with the opinion of this court in the case of Whitsett v. Carney, 124 S. W. 443.

[3] We conclude that the contract does not express an intention that the title to the cattle should pass prior to their reaching Eagle Pass; that the language is such as to admit of a doubt as to the intention, to say the least; that the construction placed thereon by the parties as disclosed by the evidence and defendant in error's pleading was that the title was not to pass until the cattle reached Eagle Pass, and were formally delivered by defendant in error; that such construction should control us in determining the questions presented; and that therefore no conflict exists between our decision and that rendered in Whitsett v. Carney. The case cannot be decided by the rule applicable to the attempted satisfaction of a liquidated demand by part payment thereof under an agreement that such part payment is to be received in full satisfaction of the debt.

We do not agree with plaintiffs in error that the suit is one for damages for fraud. Barreda sought to recover upon the original contract, presenting two theories, one that he had agreed to a modification to take effect

provided a certain event occurred, which event he alleged had not occurred, but that he had been led by fraud to believe it had occurred, and the other that there was no consideration for any modification, and no change had taken place which would make the contract so burdensome upon appellants as to support an agreement modifying the original contract.

The plaintiffs in error denied Barreda's allegations, and pleaded that they had refused to perform the original contract, stating their reasons for such act, and that thereupon Barreda had agreed to a change in price, and that the new agreement had been fully performed by both parties. They failed to plead and prove any consideration for the modification, and relied solely upon the theory that, when a contract in which there has been a change made as to a material clause is fully performed, the parties are bound, and cannot inquire into the consideration.

[4] Barreda did not answer plaintiffs in error's plea with any charge that, if a modification such as was pleaded was actually made, it was induced by mistake or fraud; so we cannot dispose of the case upon any such theory, no matter what conclusion we were to arrive at from the evidence. The testimony of Barreda and plaintiffs in error is practically in accord to the effect that the change was proposed and agreed to because of the information to the effect. that a duty of 10 pesos would be charged. In fact, no duty whatever was charged by the Huerta government. The testimony of the broker tends to show that probably one of the appellants knew the day before the cattle were driven across the Rio Grande that probably no duty would be charged. No such information reached defendant in error, or he would not have accepted the offer made by plaintiffs in error.

We are still of the opinion that the defendant in error was not entitled to a peremptory instruction upon the case made by the pleadings and evidence.

The motion is therefore overruled.