NATIONS v. WILLIAMS.   (No. 6043.)

(Court of Civil Appeals of Texas. San Antonio. May 8, 1918. Rehearing Denied June 12, 1918.)

1. CONTRACTS ⊜⇒211—CONSTRUCTION—TIME AS ESSENCE OF CONTRACT.

If it is desired to make time of the essence of the contract, the intention must be clearly manifested.

2. CONTRACTS ⊜⇒305(3)—DELIVERY OF GOODS —TIME—WAIVER.

Where under a contract to redeliver films and lobby display within 10 days, they were delivered later to one authorized by the contract to receive them, who accepted the films and money for the lobby display, which acceptance was not repudiated by the owner, time was waived.

3. CONTRACTS ⊜⇒237(2)—VALIDITY—CONSIDERATION.

Where a contract for the right to exhibit a motion picture was rescinded by a contract to return the films and lobby display, the other

party to return a cow that had been given in part payment for the right, the new contract was supported by valid consideration.

4. COSTS ⊜⇒231(3)—AWARD—ON APPEAL OR CERTIORARI.

Where judgment was rendered for plaintiff in the justice court and upon certiorari plaintiff again obtained the same judgment, but defendant obtained a judgment on a counterclaim not given him below, there was no error in assessing costs of county court to plaintiff under Rev. St. 1911, art. 2046, providing for assessment of costs on appeal or certiorari.

Appeal from Bexar County Court; John H. Clark, Judge.

Suit by D. W. Williams against John Nations and another in the justice court. Dismissed as to the other defendant. Judgment for plaintiff. The cause was removed to the county court upon certiorari, where judgment was rendered for plaintiff and for defendant on a counterclaim. Defendant appeals. Affirmed.

Ben H. Kelly, of San Antonio, for appellant. Harris & Newton and McCollum Burnett, all of San Antonio, for appellee.

FLY, C. J. This suit originated in the justice's court, where appellee sought to recover of appellant and John Freeman a Jersey cow, or $75, her value. In that court appellee obtained judgment for the cow as against appellant, Freeman having been dismissed from the suit, and appellant in a cross-action for the value of certain films and "lobby display" recovered $18 against appellee, which judgment was set aside and afterwards judgment by default taken against appellant. By writ of certiorari the cause was removed from the justice's to the county court. In the latter court a jury was waived and judgment was rendered in favor of appellee for the cow, her value being fixed at $75 and in favor of appellant for $18, the value of a certain display.

It appears from the statement of facts that on October 6, 1914, a written contract was entered into between appellant and appellee whereby in consideration of $1,110.65, of which sum $125 was cash and a note for $985.65, appellant sold to appellee the right to exhibit, show, or illuminate a certain motion picture known as the "Dimmit County Smugglers," in the state of Louisiana. Appellee exhibited the picture in that state, but the people thereof did not respond with their cash with sufficient constancy and enthusiasm, and appellee, on November 30, 1914, signed an agreement, appended to the original contract, that the contract was forfeited, and he agreed to return "the films and lobby display" within 10 days to appellant or Freeman "at the Grand Rooms in San Antonio, Tex." The films were returned to Freeman in February, 1915, and he accepted them, and also accepted $12 for the "lobby display," which was not returned. Appellant bound

himself to return the Jersey cow which had been delivered to him as $75 on the cash payment of $125. It was in evidence that the films were ready for delivery early in January and were held awaiting the return of the cow. The cow was to be delivered by appellant in San Antonio. It was about 30 days after the contract was signed that appellant was informed that the films were ready for him in San Antonio.

[1] There was no evidence tending to show that appellant desired to have the films at once, and there is nothing to show that time was of the essence of the contract. There was no provision in the contract that it should be void if the films were not returned in 10 days. If it is desired to make time of the essence of the contract, the intention must be clearly manifested. Kirchoff v. Voss, 67 Tex. 320, 3 S. W. 548; Telephone Co. v. Huntington, 104 Tex. 350, 136 S. W. 1053, 138 S. W. 381.

[2] Not only was there no manifestation of the desire to make time of the essence of the contract, but the films were delivered to Freeman, who was authorized by the contract to receive them, and he did receive them and accepted $12 in payment of the value of the "lobby display" that had been lost. Appellant was informed of the act of Freeman and did not repudiate it, and did not return the money to appellee. There was a waiver of the 10 days' time, even if it had been of the essence of the contract, and he is estopped to set up the 10-day clause in the contract.

[3] The return of the cow for the return of the films was a sufficient consideration for the new contract. Appellee saw that he could not realize any profit from the films, and upon representing this fact to appellant it was agreed to abrogate the original contract, and their mutual agreement was supported by a valid consideration. Foley v. Storrie, 4 Tex. Civ. App. 377, 23 S. W. 442; Craig v. Barreda, 200 S. W. 868.

[4] The case of Grimm v. Williams, 200 S. W. 1119, decided by this court, does not militate against the ruling in this case as to the time of performance of the contract. In the cited case there was an agreement to pay a certain sum not later than a certain date, and when not paid on that date the person to whom it was to be paid declared the contract rescinded. In this case the condition was waived and the execution of the contract allowed to proceed.

The cross-assignment complains of the action of the court in assessing the costs of the county court against appellee because the appeal was from a judgment by default. The fact remains, however, that appellant obtained a judgment against appellee in the county court which was not given him in the justice's court, and under the terms of article 2046, Revised Statutes, there was no error in assessing the costs of the county court against appellee. The cross-assignment is overruled.

None of the assignments of error is well taken, and the judgment will be affirmed.