BELL et al. v. SELF.    (No. 8991.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 15, 1919. Rehearing Denied March 22, 1919.) .

1. EVIDENCE ☞445(2)—VARYING BY PAROL.

The rule that a party may be precluded by a sale contract provision from invoking a parol warranty not contained therein has no application to a subsequent oral agreement upon a new consideration concerning the same subject-matter, made while the contract was still executory and modifying the written agreement.

2. APPEAL AND ERROR ☞843(3) — REVIEW — NECESSITY.

Where breach of warranty that silo would withstand ordinary winds was established by proof, court on appeal need not determine admissibility of evidence that other silos made by defendant failed to withstand wind.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by Keller J. Bell and another against Norman W. Self. From judgment for defendant, plaintiffs appeal. Affirmed.

Flournoy, Smith & Storer and Dedmon, Potter & Pinney, all of Ft. Worth, for appellants.

Slay, Simon & Smith, of Ft. Worth, for appellee.

DUNKLIN, J.    Keller J. Bell and Sid R. Clift, partners doing business in the tradename of Western Silo Company, sued Norman W. Self upon two promissory notes executed by the defendant in consideration of the sale to him by plaintiffs of two silos which were manufactured by plaintiffs. The defendant denied liability on the notes on the ground that he was induced to sign them and give security therefor not required by the contract of purchase by a warranty made by plaintiffs' agent that the silos, which had then been shipped to defendant and were ready for delivery, would when erected in accordance with plaintiffs' specifications and directions withstand ordinary winds prevailing in Wilbarger county, where defendant resided; that said silos were afterwards so

erected and had been blown down by such winds and by reason thereof were worthless, and the consideration for the notes sued on had wholly failed. Defendant claimed that such contract of warranty and the execution of the notes given in consideration therefor was to that extent a modification and change of the prior original written contract of purchase, which was in writing. Defendant also by cross-action sought a recovery against plaintiffs for damages sustained by him in the matter of expenses incurred in the erection of the silos in reliance upon plaintiffs' warranty that they would withstand the tests above mentioned.

Judgment was rendered denying plaintiffs a recovery, from which they have appealed. Defendant also was denied a recovery on his cross-action, but no appeal was taken from that judgment.

The trial was without a jury, and following are the findings of fact and conclusions of law filed by the trial judge:

"The court finds: That on February 2, 1914, the plaintiffs and defendant entered into a written contract, by the terms of which plaintiffs agreed to manufacture and deliver to defendant at Vernon, Tex., two silos, for which defendant agreed to pay plaintiffs $1,068.00, one-fourth thereof in cash upon delivery of the silos, and the balance to be paid on January 1, 1915, without interest, which contract provided that failure to make settlement as above specified releases the plaintiffs from all responsibility and makes the entire amount due and payable in Ft. Worth, Tex., and that, if upon receipt of silo, any part is found defective or missing, defendant should within 10 days notify plaintiffs in writing and give them reasonable time to replace all such parts, and at such time as such replacements are made the responsibility ceases; that said contract constitutes the entire and only agreement between the parties, and plaintiffs would not, under any circumstances, allow any deductions of whatsoever nature not specified in said contract. That, to induce defendant to enter into the contract, plaintiffs, their agents and representatives, represented to defendant that the anchorage system which plaintiffs furnished as a part of said silos was amply sufficient to hold the silos up under ordinary conditions and in ordinary winds where they were to be erected in Wilbarger county, Tex., and that said system had been tried out and tested by plaintiffs and had proven good, and that plaintiffs would guarantee that said silos would stand up under ordinary conditions. That defendant believed said representations to be true and relied thereon, and but for his reliance thereon would not have entered into the contract to purchase the silos. That defendant was wholly unacquainted with the silos and the means of anchoring same, and relied on said representations in making the purchase, and plaintiffs' agents at the time knew that defendant was unacquainted with the silos and the anchorage system and was relying upon their statements and representations. That plaintiffs and their said agents knew, at the time of making said statements and representations, that they were false and untrue. That plaintiffs authorized their said agents to make such repre-

sentations and guaranty. That said representations were in fact false. That said anchorage system was wholly insufficient to sustain the silos under ordinary conditions in Wilbarger county, Tex., and said silos were worthless and of no value whatever.

"That said silos were shipped to Vernon, Tex., about April, 1914, with freight charges unpaid, and the common carrier handling same refused to deliver same until the freight charges were paid. That about said date defendant was informed that said anchorage system was wholly insufficient to hold the silos up under ordinary conditions and was told that the silos were worthless and of no value, and that by reason thereof defendant refused to accept the silos and notified plaintiffs thereof. That thereafter plaintiffs sent their agent, F. W. Schopmeyer, to see defendant concerning the silos. That the said Schopmeyer called upon defendant at Vernon, Tex., about the 19th day of May, 1914, and defendant immediately notified him that he (defendant) would not accept the silos under any circumstances and unconditionally refused to accept them and informed said Schopmeyer that his reason for so refusing was that he had heard that the silos would not stand up and were worthless, and Waggoner's Champion silos had all blown down, and that he offered to let defendant have them if he wanted them at ten cents on the dollar. Whereupon, after a number of propositions made by the said Schopmeyer to defendant in an effort to induce him to purchase the silos, the said Schopmeyer stated to defendant that Waggoners had used an old anchorage system which was not like the one plaintiffs would furnish to defendant, and that, besides, plaintiffs were worth a million dollars and stood behind their guaranty of the anchorage system, and that, if defendant would take the silos at the original price of $1,068, plaintiffs guarantee and warrant that the silos would stand up under ordinary conditions in Wilbarger county, Tex., and that the anchorage system and means and manner of anchoring same furnished by plaintiffs for the purpose of holding them in position on their foundations and preventing them from being blown down were amply sufficient to enable said silos to resist and stand any winds that might reasonably be expected to occur in said section of country; and that they would accept the defendant's notes secured by deed of trust in amounts, terms, and conditions same as the ones sued on herein by plaintiffs, which proposition defendant accepted, and in consummation thereof, on May 19, 1914, in consideration of the delivery to him of said silos and the guaranty or warranty by plaintiffs that the silos would stand up under ordinary conditions and that the anchorage system and means and manner of anchoring same furnished by plaintiffs for the purpose of holding them in position on their foundations and preventing them from being blown down were amply sufficient to enable said silos to resist and stand up against any winds that might reasonably be expected to occur in the section of country where they were to be erected, defendant executed and delivered to plaintiffs the notes and deeds of trust sued on.

"I further find that defendant thereafter gave said silos and anchorage system a full and fair trial and test; that he erected one of said silos

in accordance with the plans and specifications furnished by plaintiffs, and the same was blown down by an ordinary wind and a wind ordinarily expected to occur in said section; that he again, at the instance of plaintiff, re-erected said silo in accordance with the plans and specifications furnished by plaintiffs, and the same was again blown down by an ordinary wind; that he tendered said silos to plaintiffs in due time and demanded the cancellation and return of his notes and deed of trust; that silos and anchorage system wholly failed to be as guaranteed and warranted, in that they would not stand up under ordinary conditions and would not resist an ordinary wind in that section of country and were worthless.

"I further find that the parties intended to and did, on May 19, 1914, make a new deal and contract for the sale of the silos to defendant, which was verbal and intended as substitute for or modification of the original contract made on February 2, 1914, and intended to, and did, contain the verbal warranty or guaranty aforesaid. I further find that the consideration for the notes and deed of trust sued on by plaintiffs has wholly failed. I further find that it was contemplated that defendant should erect said silos as he did.

"I further find that defendant lost, in time, labor, and value of material in erecting said silo in an effort to make the same stand up, the sum of $330, that being the reasonable value of said time, labor, and material necessarily used in erecting and re-erecting said silo, but that said $330, the amount so expended, was not within the contemplation of the parties at the time they made said original and substitute contracts.

"I conclude that the arrangements entered into on May 19, 1914, constituted the contract of sale between the parties and was a substitute for, or, to the extent of the change in terms, including the verbal guaranty or warranty, a modification of, the written contract entered into on February 2, 1914; that the mutual agreements of the parties, the agreement upon the part of defendant to pay interest on the notes and to give a deed of trust lien on his land, constituted a sufficient and a valuable consideration sustaining the agreements of May 19, 1914, as a substitute for, or modification of, the contract of February 2, 1914; that, the silos being worthless, the consideration for the notes and deed of trust sued on has wholly failed, and the guaranty, or warranty, breached; and that by reason thereof plaintiffs are not entitled to recover any sum of defendant—to all of which plaintiffs except.

"I further conclude that defendant take nothing by reason of his cross-action and counterclaim against plaintiffs, because the amount so claimed by defendant in his said counterclaim was not within the contemplation of the parties at the time they made either the original or substitute contract hereinabove set out—to which defendant excepts."

The original contract of purchase contained the following stipulations:

"If upon receipt of silos any part is found defective or missing, I will within ten days notify the Western Silo Company in writing and give them reasonable time to replace all such parts and at such time as such replacements are made, their responsibility ceases. * * *

"It is understood that this order contains the entire and only agreement between the parties hereto, and the Western Silo Company will not under any circumstances allow any deductions of whatsoever nature not specified in this order."

[1] By several assignments the contention is made that by those provisions of the contract defendant was precluded from invoking the parol agreement of warranty pleaded, because proof of same varied the terms of the written contract.

We overrule that contention, since the rule invoked has no application to an agreement upon a new consideration made subsequently to the execution of the written instrument, and while the contract is still executory as to both parties, which modifies or changes the written agreement. The rule is that in such cases that part of the original agreement which is so changed will not be given effect, if it is inconsistent with the terms of the new agreement, although the original agreement, in so far as it has not been modified, together with the new agreement, will constitute the entire contract after such modification; and especially is this true when the new agreement is supported by a new and valuable consideration. As shown by the findings of the trial judge, copied above, there was an additional consideration for the new agreement in the present suit, in that the deed of trust upon real estate mentioned was executed in order to procure the modification and change in the original contract. 3 Elliott on Contracts, § 1865; Galveston v. G., C. & S. F. Ry. Co., 46 Tex. 435; Foley v. Storrie, 4 Tex. Civ. App. 377, 23 S. W. 442; Anderson Electric Co. v. Cleburne Water, I. & L. Co., 27 S. W. 504; Galveston v. Devlin, 84 Tex. 319, 19 S. W. 395.

[2] Several assignments of error are addressed to the admission of testimony of different witnesses over plaintiffs' objections with respect to the manner other silos of the same make sold by plaintiffs to some of the defendant's neighbors in Wilbarger county were erected and that they were blown down by ordinary winds. It is not necessary for us to determine whether or not there was error in those rulings, since it was established by other proof, which was uncontradicted, that defendant erected the silos he purchased in strict accordance with plans and specifications furnished by plaintiffs, and that, after being so erected, they would not withstand ordinary winds prevailing in that vicinity, and therefore plaintiffs' warranty that they would do so was breached.

We are unable to conclude that the court's finding that the salvage left after the silos were blown down was worthless was contrary to the uncontroverted proof on that issue. It is true, as urged in appellants'

brief, that one of their witnesses testified to the value of the material used in the construction of such silos; but it is clear from his testimony that he referred to new material used at the factory in such construction and had no reference to the value of the remnants of the silos after they were blown down. It cannot be inferred that the salvage, constituting at best secondhand material and consisting partly of material set in the ground with cement, could have been reclaimed from the wreckage at a substantial profit over and above the expense necessary to reclaim it. Furthermore, the proof showed conclusively that all that material had been tendered to plaintiffs and by them refused, and there is nothing in the record indicating that they cannot yet have it, if they consider it of any value and desire it.

For the reasons indicated, all assignments of error are overruled, and the judgment is affirmed.