RICHARD CAPLES v. PORT HURON ENGINE & THRESHER COMPANY.

Decided June 22, 1910.

**1.—Brief—Assignment as Proposition.**

An assignment of error simply that the court erred in directing the jury to allow the defendant a certain amount as damages, on account of losses sustained by him under a contract sued on and which were plead by him in reconvention, is not in itself such a proposition as the rules for the preparation of briefs contemplate, nor such as to warrant the submission of the assignment as a proposition.

**2.—Same—Reforming Judgment—No Cross-Assignment.**

In the absence of a cross-assignment of error, the Appellate Courts can not reform a judgment of the trial court so as to increase the amount of the same in appellee's favor.

**3.—Contract—New Contract—Validity.**

In the absence of evidence of fraud or that the party entering into a new contract, whereby changes were made in a prior contract, did not know and understand the provisions of the new contract at the time he signed it, the new or second contract will determine the rights of the parties; and this, though there was no new consideration for the second contract, provided the first contract was unperformed at the time of the change.

**4.—Same—Sale of Wagons—Limited Warranty.**

A contract for the sale of a certain number of "spreading wagons" contained a warranty that they would do the work well if properly operated by competent persons, and stipulated that if the purchaser did not notify the seller to the contrary in writing within five days from first day's use, the wagons should be considered satisfactory. Held, said stipulation was binding, and a failure to comply therewith would be conclusive of the question as to the wagons being satisfactory.

**5.—Appeal—Briefs—Violation of Rules.**

Assignments of error which do not conform to the rules prescribed for briefing cases, or which are submitted as propositions when in fact not such, or which are followed by statements which consist of general references to statements under other assignments which themselves refer to various other statements, will not be considered on appeal.

Appeal from the 41st Judicial District, El Paso County. Tried below before Hon. A. M. Walthall.

*Jay Good* and *M. W. Stanton,* for appellant.

*J. H. McBroom, W. M. Peticolas* and *Nagle & Scott,* for appellee.

JAMES, CHIEF JUSTICE.—This action is against Caples to recover the purchase price of eight spreading wagons, based on a written order signed by appellant on November 11, 1907, and accepted by appellee, which wagons were received by defendant and used by him in carrying out a construction contract with the county of El Paso.

Defendant answered by pleas of general denial; total and partial failure of consideration; fraud and misrepresentation in the sale of the wagons; that the contract of November 11th, which contained certain specific and limited warranties, was not the contract which controlled the sale, but a prior contract of October 28th controlled; also that the contract of November 11th was modified by subsequent oral agreement and correspondence; that the wagons were defective, by reason of which defendant sustained damages, and prayed that plaintiff take nothing by its suit and that defendant have judgment for $581.16, the amount of freight and demurrage which defendant had paid. Supplemental pleadings and trial amendments were filed which will be referred to in the course of this opinion, if necessary.

The court directed the jury to return a verdict for the amount sued for, less $1,126.17.

The first assignment of error is that the court erred in directing the jury to allow the defendant $195 damages on account of the loss of defendant during the time the wagons were out of use and were being repaired. This is submitted as a proposition in appellant's brief, but it is clearly no proposition such as the rules contemplate, and furthermore the complaint, so far as expressed, is of something that was in favor of appellant.

The second, third, fourth and fifth assignments, which relate to the same subject matter as the above, are somewhat freer from the objection, because the assignments, which are likewise submitted as propositions, read together, indicate the point of law intended to be advanced, which is in effect that the court erred in directing the jury to allow defendant said sum of $195 for the reason that the jury were authorized under the pleadings and evidence to find for defendant a greater sum in respect to the item.

Appellee meets this contention by stating that under the testimony defendant was not entitled to any allowance whatever for the time the wagons were out of use, undergoing repairs, and upon this ground appellee asks us to reform the judgment by adding to it the sum of $195. There being nothing in the record or papers to show that a cross-assignment of error was filed in the trial court, or filed here by consent, we can not in any event consider reforming the judgment in this particular. The material question is whether or not the court erred in not permitting the jury to find for defendant a larger allowance for such item. As appellant states in the brief that said five assignments involve nearly every proposition of law contended for in this cause, we may in this connection deal with the case in general.

There were two written contracts between Caples and appellee embodying the terms of the sale of these wagons. The first was dated October 28, 1907, reading as follows:

El Paso, Texas, October 28, 1907.

"I, P. F. Brick, agent for the Port Huron E. & T. Co. do sell to Richard Caples eight (8) wagons loaded on cars at factory at Port Huron, Mich., for the sum of three hundred and thirty-four dollars and eighty cents each. Said wagons to be of the design known as the 1907 models, said wagons to be equipped with double top box, and having a capacity of six cubic yards. Said P. F. Brick, agent, guarantees said wagons for a period of six months, and should any parts of said wagons break, said parts are to be repaired at the company's expense; and said Rich Caples agrees to pay for same ten (10) days after the arrival of said wagons. P. F. Brick."

The above contract of sale had not been performed even in part by either party, when, on November 11, 1907, a new contract of sale, to which no plea of *non est factum* was interposed, was entered into, under the following circumstances as detailed by Mr. Caples, who testified:

"These are the circumstances under which I signed the contract of November 11, 1908: After I had concluded to purchase the wagons from Mr. Brick, I told him I would have him sign a contract in which we would understand each other, he said, all right, and this contract (of October 28th) was drawn up and signed; he then had a letter which he brought me, stating the company wanted an order made out on their blanks, that it was customary to write on their printed form the order, and I told him that I had given him the order and the contract was signed, and I did not know what he wanted any more for, he said it was just a kind of matter of form for this to be filled out—I had then lost three weeks—that sort of played on me some. I had then lost three weeks on getting the wagons, and I just signed this order to be sent in to the company, their blank form. It was understood by me when I signed this order of November 11, 1907, that the contract of October 28, 1907, was the contract, and I should have ten days to try the wagons."

The contract of November 11, 1907, was signed by Caples on that date, sent on to the company and accepted. No performance had taken place under the previous contract. We find as a conclusion of fact there was no evidence that any fraud was practiced on Caples to induce him to enter the new contract of sale, and no evidence that he did not know and understand its provisions when he signed it. Under these circumstances the court was not in error in ruling that of the two contracts the one of November 11th governed. Appellant in this connection takes the position that there was no consideration for the second contract, because it dealt with the same subject matter as the former one, and no new or additional consideration passed between the parties. It seems to be well settled that where parties have contracted in reference to a matter, and the contract is unperformed, they may by mutual agreement supersede it by making a new contract, and a party can not afterwards claim that the old contract remained in force notwithstanding, even though the new contract is more onerous on him and more advantageous to the other party. The idea is that the parties to an unexecuted contract may get together and abandon it at any

time if they want to, for any reason they deem sufficient, and substitute for it any contract they please. (Proctor Coal Co. v. Strunk, 96 S. W., 603 and cases there cited; Foley v. Storrie, 4 Texas Civ. App., 377.) In the new contract there was a change to the advantage of defendant in this that in the latter the company was required to repair breakages for a year instead of for six months.

We may remark here that there is in appellant's brief a further contention that the evidence developed an oral understanding or agreement subsequent to November 11th which in a material matter renewed or restored the contract of October 28th, but an examination of the testimony satisfied us that it supports no such proposition and we so find this fact as a conclusion.

Therefore, we hold the court did not err in treating the contract of November 11th as the one on which the rights of the parties depended. That contract contained two limited warranties which we copy:

"Working: This machinery is warranted to do well the work for which it is intended, if properly operated by competent persons. If the purchaser does not notify the company to the contrary, in writing, within five days from first day's use, the machinery shall be considered satisfactory."

"Materials and Workmanship: This machinery is warranted to be well made of good materials. Parts breaking within a year from delivery, because of defect, shall be replaced free, upon delivery of broken parts to the company; this is the extent of the company's liability for damages caused by breakage."

It appeared that defendant did not give the company the notice within five days after commencing to use the wagons, as provided in the first of the above warranties, and that there had been no waiver of that condition. This we find as a conclusion of fact. The second of said warranties had reference to the breaking of parts within a year from delivery and in this regard the company's liability was specifically limited to the repairing of the breakages.

The court, it seems, took the view from the evidence, that as the company undertook to furnish parts without insisting on the broken parts being first returned, it waived that formality or condition, and was liable under the contract for the cost of the repairs. Accordingly the court directed the jury to find for defendant what appears to be the whole expense he was at in making such repairs. It therefore seems to us that there is no merit in said assignments of error from one to five.

From what has been said above, the assignments Nos. six to thirteen inclusive should be overruled. The wagons were received by defendant and used by him, under the provisions of the contract of sale, and throughout his contract with the county; and the failure to give the notice provided in the first of said warranties settled the question of the character of the wagons, as to their being satisfactory of the contract, and therefore the court did not err in not submitting any issue concerning failure of consideration; or any of the matters of damage claimed in reconvention and referred to in said assignments.

What has been held above, requires the overruling of the assignments from eighteen to forty-one inclusive.

As we have already stated, we form the conclusion of fact from the evidence that the issue of fraud, deceit and misrepresentation inducing the contract, was not made by the testimony so as to demand its submission, hence we overrule assignments forty-two, forty-three and forty-four.

With regard to the assignments Nos. forty-six to fifty, they can not, upon any view, be said to be even an attempt to conform to the rules prescribed for briefing cases, and we decline to investigate them. The assignments from Nos. fifty-two to seventy-six are all submitted as propositions in themselves, but as they are not such, we decline to consider them also.

The seventy-seventh assignment discloses no good ground for reversal.

The fourteenth assignment is submitted as a proposition, which it is not. The fifteenth and sixteenth assignments are likewise submitted as propositions, and while they appear to be sufficient as such, the statements under them consist merely of general reference to statements under a number of other assignments, which themselves refer to various other statements, and this, instead of aiding the court in understanding the questions, tends to confusion and uncertainty, to say nothing of the unnecessary labor entailed upon the court if it endeavored to work out from these statements the facts which counsel had in mind in support of the propositions. We, therefore, do not consider them. The judgment is affirmed.

*Affirmed.*

Writ of error refused.