.OWENS v. O'DONOHOE.    (No. 11324.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 2, 1926.)

**Mines and minerals** ⬤⟿78(1)—**Under oil lease containing no specific obligation to drill, sum to be paid out of oil saved on premises held not payable, where there was no reasonable prospect of finding oil.**

Under oil lease containing no specific obligation by lessee to drill, payment of sum in addition to cash payment out of oil saved *held* conditional on production of oil, and not payable, where there was no reasonable prospect of finding oil.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by B. W. Owens against John O'Donohoe. Judgment for defendant, and plaintiff appeals. Affirmed.

W. E. Wilson and Jos. H. Aynesworth, both of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellee.

CONNER, C. J. Defendant in error, O'Donohoe, purchased an oil lease upon certain lands in Archer county, agreeing to pay therefor "the sum of $5,000 cash, and the further sum of $3,000 out of seven-sixteenths of the oil purchased and saved on said premises."

The cash consideration was paid, and plaintiff in error sues as assignee of the claim for $3,000.

The undisputed facts show that O'Donohoe never drilled on the lease, and that no oil has ever been produced therefrom. His defense to the action is that his undertaking was only to pay the $3,000 out of the oil, and, none having been produced, and the character

of the lease being such as he was not required to drill in the exercise of reasonable diligence, he should be acquitted of all liability. Plaintiff in error, however, traversed these contentions, and insists that O'Donohoe's obligation to pay the $3,000 is absolute and unconditional.

The case was submitted to a jury upon two special issues, which, together with the answers of the jury thereto, are as follows:

"(1) Should the defendant, in the exercise of reasonable diligence, have drilled a well on the property in question? A. No.

"(2) From the evidence before you, state whether or not, if a well were drilled on the land in question, there would be a reasonable probability of securing a well producing oil in paying quantities. A. No."

Judgment was entered upon the verdict of the jury denying the plaintiff in error any recovery, and he has appealed.

The oil lease in question is, so far as we are able to determine, in the ordinary form, without any specific obligation on the part of the lessee or his assignees to drill thereon, and we have been unable to distinguish this case from that of Greenwood & Tyrrell v. Helm, 264 S. W. 221, by the San Antonio Court of Appeals, writ of error refused. The oil lease there considered, similar to the one now before us for consideration, was construed to be a mere option to drill or not, as the lessee might determine, and it appearing, as also appears in the evidence in this case, that a substantial consideration had been paid for the lease, and that it had been encircled by dry holes, as the evidence in this case shows here, it was held that the lessee was justified in a failure to drill and under no obligation to make a further payment.

In the case of Ferris v. Huffman, 274 S. W. 125, by the Commission of Appeals, it was held, where the only value of the land was in a prospect of oil thereunder, and the purchaser had paid therefor a substantial sum in cash with an agreement to pay the balance from the first oil produced and saved, and the lessee had made an honest and substantial effort to develop the land for oil, but failed to find any, that he was not liable for the additional sums. Plaintiff in error seeks to weaken the force of this decision by distinguishing the case from those upon which it is founded, but the contention in this respect is not, we think, of sufficient force to weaken its authority.

The case of T. P. C. & O. Co. v. Stuard (Tex. Civ. App.) 269 S. W. 482, writ of error dismissed, was one in which the lessee contracted to develop certain lands for oil and the lessor recovered damages on the ground that there had not been sufficient development. But this court held that the lessee, in the performance, or attempted performance, of his contract, was only required to exercise good faith and sound discretion in drilling to a depth reasonably necessary to test the land, and that, inasmuch as the evidence showed by drillings on adjacent territory that the lease was dry, the lessee was not bound to undergo the expense and effort that would be useless.

We conclude that, under the evidence and cases noted, the contract under consideration must be classed as conditional, and, the jury having found that there was no reasonable prospect of finding oil on the lease in question, and that drilling therefor was not required in the exercise of reasonable diligence, the judgment must be affirmed.