## N. NIGRO & CO. v. GLOBE FRUIT CO.
### (No. 306.)

Court of Civil Appeals of Texas. Eastland.
June 2, 1927.

Rehearing Denied Sept. 30, 1927.

1. Sales ⬦⟿59—Correspondence between buyer and seller of cocoanuts, before shipment on original contract, in which correspondence seller promised product would be sound, held to constitute part of original agreement.

Where the original contract for the purchase of cocoanuts was unperformed at the time when the buyer wrote the seller objecting to the possible shipment of unsound cocoanuts and the seller, by letter, assured the defendant that no unsound product would be shipped, such communications concerning the original order and sale, together with the previous contract and communications of the parties, *held* to constitute an agreement in which the cocoanuts were bought and sold on a condition of soundness.

2. Sales ⬦⟿181 (5)—Where, in action by cocoanut seller against buyer for payment, defense was unsoundness of product when received, evidence showing unsoundness 30 days after receipt was admissible.

Where the seller of cocoanuts sued the buyer for payment thereof and the latter defended upon the ground that the contract required the cocoanuts to be sound, but that they were in an unsound condition when received, evidence showing the unsoundness of such product 30 days after the buyer's receipt thereof was admissible.

3. Appeal and error ⬦⟿232 (2)—Objection that evidence was cumulative, not urged at trial, could not be considered on appeal.

Where in an action for the purchase price of cocoanuts, plaintiff did not raise the objection that certain testimony was cumulative, he could not, on appeal, require the court to pass upon such question.

4. Witnesses ⬦⟿245—Exclusion of testimony where witness had already testified to substantially the same matters held proper.

Where, in an action on a contract, questions were asked a witness but the testimony of such witness was excluded, such exclusion *held* proper since testimony had already been elicited on substantially the same facts.

Appeal from District Court, Dallas County.

Action by the Globe Fruit Company against N. Nigro & Co. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

C. A. Rasbury, of Dallas, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

LESLIE, J. Appellee, Globe Fruit Company, sued appellant, N. Nigro, in the court below for $1,575, with interest from January 1, 1922, charged to be the price agreed to be paid by the appellant for 300 bags of cocoanuts delivered by appellee f. o. b. New York to carrier on November 9, 1921, for transportation to appellant, at Dallas, Tex. Price alleged to be long past due and refusal of appellant to pay the same.

Appellant answered, in substance, that the cocoanuts were bought under an express agreement that they would be sound and free from disease, condition, or defect which produced rottenness under the core or in the meat of the cocoanuts, which would render them unfit for consumption as food and in time totally destroy the nuts, and that before authorizing the shipment he wired appellees he would not accept the same, even though they appeared fresh and sound outwardly, if, after receiving them, they were found to be rotten or diseased in the manner indicated. The appellees agreed to such condition, and that upon arrival of the shipment in Dallas an examination of the cocoanuts was made in a manner commonly resorted to in such instances by dealers in such produce, and that the examination disclosed that the nuts were infected with a disease, condition, and defect against which the appellee had been warned and against which it had warranted its product on making shipment thereof. He further specially alleged that such disease or defect which produces the rottenness under the shell could not be discovered by an external examination of the cocoanut shell, but could be ascertained only by opening or cracking a given number of the cocoanuts to an extent usually resorted to in such instances. That such an examination was made when the shipment reached Dallas, and it was ascertained that the cocoanuts were unmerchantable by reason of the condition warned against, and that by reason thereof the appellant was released from his obligation to accept shipment or pay therefor. For the reasons assigned, the nuts were rejected and payment refused.

The Morgan, Louisiana & Texas Railroad & Steamship Company and the Texas & Pacific Railroad Company were interpleaded as defendants. Judgment was rendered in their favor, and no appeal is prosecuted. The trial was before the court without the intervention of a jury and judgment rendered for appellee, Globe Fruit Company, for $1,705.58, with 6 per cent. interest per annum thereon from May 20, 1925, to the date of the judgment, and as a consequence the case is here on appeal from such action of the trial judge.

There are no findings of fact or conclusions of law in the record. The statement of facts is before us.

On a former day of this term of court an opinion was rendered reversing the judgment of the trial court. Appellee promptly filed a respectful and forceful motion for a rehear-

ing, and we have considered it with care. We are still of the opinion that the judgment of the trial court should be reversed, but for somewhat different reasons, rendering it proper for us to withdraw the opinion heretofore handed down and a substitution of this one therefor.

The appellant seeks a reversal of the judgment below on six separate assignments or propositions, the first three of which assail the sufficiency of the testimony to support the judgment below. In view of the reasons assigned for the reversal of the judgment, and since the cause will necessarily be returned for another trial, at which time the evidence will in all probability differ from that on the previous trial, it is deemed proper to omit an extended discussion or comment upon the testimony now found in this record. However, some of it will be referred to merely to the extent of showing the issue involved, and also to show more clearly the relevancy of the matters complained of in assignment No. 4 hereinafter discussed.

The trial being before the court and there being some testimony deemed sufficient by the trial court to sustain the judgment, we have concluded not to disturb it upon that ground, although in respects the testimony is not wholly satisfactory, a situation that will doubtless be remedied on another trial. We shall therefore overrule the first three assignments of error.

In a letter from the appellant, Nigro, to appellee, Globe Fruit Company, dated October 24, 1921, is found the following statement:

"We are wiring you 150 hundreds 150 eighties, route Morgan, care Texas & Pacific, New Orleans, which we beg now to confirm. We have received cocoanuts several times from New York that would show up fresh and sound in appearance but would be rotten under the core, therefore, please see that the nuts are all right."

In response to this communication the Globe Fruit Company, October 27, 1921, wrote:

"We herewith beg to acknowledge first of all our recent exchange of wires, from which results the sale by us to you of 150 bags 80 size Porto Rico cocoanuts and 150 of the 100 size, at $5.25 per bag f. o. b. New York, for shipment about November 2d, by Morgan line, care T. & P. at New Orleans. We thank you very kindly for this order and in reply to your valued favor of the 24th inst., just to hand, regarding same, assure you that it shall have our most careful attention. Please also accept our assurance that no such class stock as you are afraid of will be sent to you by us, as our Mr. A. J. Poggi is an expert in this line, having been for a number of years with the Franklin Baker Company."

[1] Unquestionably these communications in connection with the others concerning the original order and sale constitute an agreement in which the cocoanuts were bought and sold on condition that they were to be free from disease, condition, or defect which produced rottenness under the shell or core thereof. At the time the communications quoted were exchanged the original contract was unperformed, and we know of no obstacle preventing parties to an unperformed contract by mutual consent modifying the same by altering, excising, or adding provisions, provided the modification does not make it illegal or violative of public policy. 13 C. J. 589, § 604; Caples v. Port Huron Engine & Thresher Co., 61 Tex. Civ. App. 646, 131 S. W. 303; Lewis Bros. v. Pendleton et al. (Tex. Civ. App.) 227 S. W. 502; Washington Life Ins. Co. et al. v. Reinhardt (Tex. Civ. App.) 142 S. W. 596.

The appellee, Fruit Company, offered the testimony of two witnesses, Poggi and O'Brien, upon the condition of the nuts when shipped. These witnesses from an abundance of experience in the handling and shipment of cocoanuts qualified sufficiently to enable them to testify as experts relative to the condition of the nuts at the time of the shipment. One of them testified, in substance, to the inspection of about 20 bags of each size of the nuts to see if they were of sound condition and properly sized, and that the others were observed in the loading. They testified that the cocoanuts were in good, merchantable condition when shipped. In effect, they testified that they could tell from the external appearance the interior condition of the cocoanuts, and that they were good, fresh, merchantable cocoanuts. The witness, Poggi, in the course of his testimony stated, "Decay under the shell is mostly caused by diseased trees."

On the other hand, appellant, Nigro, and two or three other witnesses introduced by him testified to a very badly deteriorated, rotten, and unmerchantable condition of said shipment on its arrival in Dallas, or when their attention was called to the nuts, and, in substance, the testimony of the appellant is directed to the establishment of the contention that the condition in which the nuts arrived was due to or traceable to a diseased tree upon which the nut was grown, and that such infirmity necessarily existed at the time the shipment left New York, as well as on its reaching its destination in Dallas. According to the appellant's testimony, this disease or condition commonly exists in cocoanuts without any external indications or symptoms and is traceable to a germ that finds lodgment in fruit while on the parent tree. That such condition cannot ordinarily be detected by an external examination of the nuts. That it is rarely traceable in the eyes of the nut, and that the well-defined method of inspection by the trade is to crack a percentage of the nuts from each sack and strike an average.

The plaintiff, Nigro, testified to many years of experience in the produce business, as well

as the handling of cocoanuts. He and the witnesses offered by him qualified as experts to speak upon the issues involved under the pleadings and indicated by the stated testimony. The plaintiff, Nigro, was the first witness to testify in his behalf. The second witness called by him was one George Dart, who testified that he was in the employment of Johnson, who purchased one-half of the cocoanuts involved, and that he had occasion to observe and examine them, but, when called upon to state to the court the manner of such examination, the following proceedings occurred and it may best be understood by setting out the bill of exception approved by the court and counsel, to wit:

"Whereupon, counsel for plaintiff objected to the question on the ground that the examination sought to be proved by the witness was approximately 30 days after the cocoanuts had reached Dallas, and that any testimony as to their condition at that time would be wholly irrelevant and immaterial. Before the court acted upon the objection, it was argued by defendant's counsel that the condition of the nuts even 30 days after their arrival in Dallas would tend to prove the condition of them when they arrived in Dallas, and that if the witness were permitted to testify, he would state that 23 days after arrival of the nuts in Dallas, Homer L. Johnson, by whom the witness was employed, acquired 150 bags of the same, and that the witness at that time made an examination of them, and that he found them in a badly rotted state and condition under the shell, and that in his opinion, based upon a long experience in such matters, that condition could not have been discovered by an external examination of the nuts, and further that the condition was traceable to the disease or condition under the shell which experts believe to result from a disease which affects the tree which bears the nuts; notwithstanding which contention and the facts to which said witness would testify, the court sustained said objection, and to which ruling of the court defendant then and there excepted."

[2] The ruling of the court in the exclusion of the proffered testimony embodied in the bill constitutes the basis of the appellant's fourth assignment of error. It will be observed that the only objection made to this testimony was upon the ground that it was "irrelevant and immaterial." The appellant's contention rested largely upon the testimony of himself and son, who were admittedly interested witnesses. In addition, he later offered the testimony of witnesses May and Fench, but the witness Dart was the first witness called by the defendant in support of his contention after he himself had testified. We know of no rule of law that authorized the trial court, under the issues presented by these pleadings, to exclude the character of testimony embraced in the bill. Especially is this true in view of the fact that the witness Dart may well be considered a disinterested witness. Were his testimony regarded as cumulative, we think it erroneous to exclude it under such circumstances. Hovey v. See (Tex. Civ. App.) 191 S. W. 606.

The witnesses offered by the defendant were not numerous, their testimony was short, and the excluded testimony of Dart bore directly upon the vital issue in the case, the condition of the nuts when shipped. As stated, the only objections to the introduction of the testimony was upon the ground that it was irrelevant and immaterial, and it was not stated in what respect the testimony was irrelevant and immaterial, except to remoteness.

[3] It is urged in appellee's brief that the testimony was cumulative. No such objection was urged in the trial court and certainly the appellee is not in position to ask this court to sustain a ruling of the trial court for reasons the record does not authorize us to attribute to him. We think the testimony material and relevant, and that it should have been admitted and considered. The action of the trial court in not doing so was error. We sustain appellant's fourth assignment of error.

[4] The fifth assignment or proposition which urges error upon the part of the trial court in the exclusion of certain testimony by the plaintiff, N. Nigro, is overruled. An examination of the record discloses that he had previously testified on the trial to substantially the same matters. Hence this action of the court would not be error. T. & P. Ry. Co. v. Good (Tex. Civ. App.) 151 S. W. 617; T. & P. Ry. Co. v. Walker, 58 Tex. Civ. App. 615, 125 S. W. 99; Mo., etc., Ry. Co. v. Craddock (Tex. Civ. App.) 174 S. W. 965.

There is no merit in appellant's propositions that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence. It is doubtful if the motion contained any of the elements essential to a valid motion of that character. See Griffith v. Gohlman, Lester & Co. (Tex. Civ. App.) 253 S. W. 591; Conwill v. G., C. & S. F. Ry. Co., 85 Tex. 96, 19 S. W. 1017; Donaho v. Carwile (Tex. Civ. App.) 214 S. W. 553.

For the reasons assigned, the judgment of the trial court will be reversed and the cause remanded.