## WORTH PETROLEUM CO. v. CALLIHAN.
### No. 1438.

Court of Civil Appeals of Texas. Eastland.
April 19, 1935.

Rehearing Denied May 17, 1935.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

F. L. Kuykendall, of Austin, for appellee.

FUNDERBURK, Justice.

George Callihan sued Worth Petroleum Company to recover $194.45 and interest, same being the alleged balance due upon a note for $3,592.57, dated April 15, 1933, due on or before two years after date, but which note, as to the time payable, also recited: "This note is payable in monthly payments according to contract and assignment from Worth Petroleum Company to George Callihan." The amount sued for

was recovered both in the justice court and, upon appeal, in the county court. The pleadings were oral, but are set out in the statement of facts. About May 3, 1933, the terms of the obligation evidenced by said note were so modified by mutual written agreement that in effect the balance of the debt to be paid became payable only from the proceeds of oil and/or gas from a certain lease if and when produced, an assignment of such proceeds, as well as the lease itself, for the purpose of such payment being made to Callihan. From the proceeds of oil received under the assignment, the principal of the note had up to September 11, 1933, been reduced to the sum of $2,544.45. On the last-mentioned date, a new agreement was made by the parties, whereby Worth Petroleum Company paid Callihan in cash the sum of $2,-350 in satisfaction and discharge of the pre-existing obligation, the consideration for which, as found by the trial judge, being an agreement that Callihan would be awarded the contract for drilling future wells, if any, by the said Worth Petroleum Company in Shackelford county so long as his bid was in line with other bids. Upon the payment of said $2,350, Callihan marked the note paid and delivered it back to the said Worth Petroleum Company, together with a reassignment of the oil and gas lease. The instrument by which the lease was reassigned recited in part as follows: "And the said undersigned, George Callihan, hereby declares said lease and all personal property thereon or thereunder fully released and discharged from any and all indebtedness due said George Callihan by Worth Petroleum Company." The recited consideration for the reassignment was ."for and in consideration of the payment of said note and all interest thereon, and all other sums due him." Thereafter in January, 1934, Worth Petroleum Company let a contract for drilling another well in Shackelford county. Callihan submitted his bid for drilling the well, but the contract was let to another bidder for a greater sum than that bid by Callihan. Callihan thereupon brought this suit, as aforesaid, to recover, as the balance, on September 11, 1933, due on the pre-existing obligation after crediting such balance with the said sum of $2,-350 paid under the new agreement on that date.

The judgment of the court, as disclosed by the findings of fact and conclusions of law, was based upon the theory that the agreement under which the $2,350 was paid was one of accord and satisfaction, and that the failure of the appellant to award to Callihan the contract for the subsequent drilling of a well showed that, although there was an accord, there was no satisfaction, the effect of which being to leave in force the original obligation to pay the balance of the note due at the time the agreement was made. From the judgment, Worth Petroleum Company has appealed.

The pleadings being oral, and, therefore, not required to be so formal or complete as written pleadings, present a matter of some difficulty in determining with certainty what was the cause of action attempted to be recovered upon. In other words, it is not entirely clear whether plaintiff by his suit sought judgment for a balance due upon the contract evidenced by the original note dated April 15, 1933, for the principal sum of $3,-592.57, which was an absolute obligation to pay a certain sum of money, or whether it was the contract which resulted from the modification of the terms and provisions of said note on or about May 3, 1933, by which it was agreed the debt was to be paid wholly out of the proceeds from oil and/or gas from a certain lease assigned to the payee in said note for the purpose of making such payment, and which provided that the payee was to "look for payment solely and wholly from said oil runs from said Clark lease." If the cause of action was one to recover a balance due on the original note without reference to the subsequent modification of the original obligation, then no right of recovery existed. The contract represented by the original note was wholly executory on May 3, 1933, and the parties could substitute any other agreement they should choose in lieu of the existing agreement, and did substitute an entirely new agreement. One of the well-known ways by which a contract may be discharged is by substitution of a new agreement. 13 C. J. 588, § 594; Foley v. Storrie, 4 Tex. Civ. App. 377, 23 S. W. 442; City of Galveston v. Galveston City R. Co., 46 Tex. 435. "Parties to an unperformed contract may, by mutual consent, modify it by altering, excising or adding provisions, provided the modifications do not make it illegal or violative of public policy." 13 C. J. 589, § 604; Caples v.

Port Huron Engine & Thresher Co., 61 Tex. Civ. App. 646, 131 S. W. 303 (holding that the parties to an unexecuted contract may get together and abandon it any time if they want to for any reason they deem sufficient, and substitute for it any contract they please); Washington Life Ins. Co. v. Reinhardt (Tex. Civ. App.) 142 S. W. 596; Nations v. Williams (Tex. Civ. App.) 203 S. W. 1176; Bell v. Self (Tex. Civ. App.) 210 S. W. 304; Old River Rice Irr. Co. v. Stubbs (Tex. Civ. App.) 137 S. W. 154.

■ The contract at the time of said subsequent agreement being wholly executory, the modification constituted a novation of the contract by which the new promises were substituted for the original promises, and a failure to perform the new promises would not revive the original obligations. A novation accomplishes a discharge of the former contract, regardless of whether the new promise be performed or not. This proposition is well supported by authorities, of which it is deemed sufficient to cite the following decisions: Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Tex. 73, 15 S. W. 556; Ferguson-McKinney Dry Goods Co. v. Garrett (Tex. Com. App.) 252 S. W. 738; Weatherford M. W. & N. W. R. Co. v. Wood (Tex. Civ. App.) 29 S. W. 411; Wettermark v. Burton, 30 Tex. Civ. App. 509, 70 S. W. 1029; Galveston, H. & S. A. R. Co. v. Walker (Tex. Civ. App.) 163 S. W. 1038; Bost v. Barringer (Tex. Civ. App.) 202 S. W. 791. Some of the cited cases apply to an exception to the rule of accord and satisfaction, which exception is governed by precisely the same principles as a true novation. The modification of the terms and provisions of the original note made by the agreement of May 3, 1933, was a novation, and not an accord and satisfaction. Bandman v. Finn, 185 N. Y. 508, 78 N. E. 175, 12 L. R. A. (N. S.) 1134, and note.

■ If the cause of action attempted to be asserted was upon the obligation as modified by the agreement of May 3, then the undisputed evidence shows no right of recovery. By the terms of the modified contract, appellant was not liable to pay anything. For its former liability, there had been substituted the production from a lease with the right on the part of appellee to appropriate the proceeds therefrom in discharge of the note, with express provision that he should look to such proceeds alone for payment. If any debt remained in existence, then it was one for the payment of which appellant was at most only conditionally liable. "It is quite elementary that an instrument payable upon a condition which does not import an absolute liability is not payable until that condition has happened." Ferguson v. Mansfield, 114 Tex. 112, 263 S. W. 894, 900. Familiar examples are further found in cases where conveyances of mineral interests are made upon the consideration in whole or in part of the payment of certain sums out of production where there is no obligation to produce. The rule is that where there is no production, there is no obligation to pay. Harris v. Wheeler (Tex. Com. App.) 267 S. W. 465; Great Western Oil Company v. Carpenter, 43 Tex. Civ. App. 229, 95 S. W. 57; Ferris v. Huffman (Tex. Com. App.) 274 S. W. 125; Owens v. O'Donohoe (Tex. Civ. App.) 280 S. W. 842.

What has been said would be sufficient to dispose of the case whatever the cause of action sought to be enforced, if the pleadings of appellant were such as to make available to it the defenses disclosed by the record. Appellant did not interpose any special plea to the effect that even if the contract, as modified by the agreement of May 3d, was in force, it nevertheless would not be liable in such a sense as to warrant recovery against it of a money judgment. Appellant's only special pleading was one of accord and satisfaction. The alleged agreement of accord and satisfaction was not the agreement of May 3d, but the subsequent agreement which was made about September 11, 1933, by which $2,350 was paid in discharge of the pre-existing obligation upon the agreement as a consideration (so found by the trial judge) that if appellant drilled other wells in Shackelford county the contract would be let to appellee, provided his bid was in line with other bids. Appellant alleged the facts to show the modification of the original contract by the subsequent agreement of May 3d, but did so only for the purpose of showing a consideration for the agreement of accord and satisfaction made September 11, 1933. We entertain some doubt whether these allegations made expressly as a part of a plea of accord and satisfaction, based upon an entirely different transaction, can be appropriated as showing a defense consisting of a discharge of the obligation sued on by reason of a novation entirely distinct from

the agreement claimed to have constituted the alleged accord and satisfaction.

In view of this doubt, we will next notice appellant's contention to the effect that if appellee had any cause of action, it was one for breach of the obligation to award him the contract for drilling wells, and not for a balance upon any obligation existing prior to September 11, 1933. Not always does an agreement affecting the subject-matter of a pre-existing contract so as to modify same in some respects discharge the original contract. In cases where no discharge is effected, a right of action on the original contract is merely suspended, and if there be a default in the performance of the substituted agreement, a right of election exists on the part of the obligee to declare a rescission of the subsequent agreement and rely upon the original agreement, or to waive any right under the original agreement and to enforce the subsequent agreement. Otto v. Halff & Bros., 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56. In such cases, there is absent the intention to discharge the prior agreement. The substitute agreement in the instant case is not one, we think, subject to that rule. The evidence shows conclusively the mutual intent of the parties to discharge the pre-existing contract. Appellee marked the note paid and redelivered it to appellant. He reassigned to appellant the lease which was his only means of collecting anything further upon the original obligation. The assignment recited the payment of the note and of any other debt owing by appellant to appellee. The evidence affords no reasonable basis for any other conclusion than that the parties mutually intended to discharge the pre-existing obligation. There was ample consideration, even if we disregard the agreement to permit appellee to drill wells in the future. At the time appellant paid the $2,350, it owed appellee nothing. If, however, it be considered that appellant owed appellee the balance of $2,544.45, its liability to pay same was conditional, and the time of payment was in the indefinite future. The payment under such circumstances was itself a sufficient consideration to support the contract. The trial judge found the consideration for the agreement to be the promise of appellant to award the contract to appellee for the drilling of future wells. Let us suppose this was the only consideration. The acts and conduct of the parties were absolutely inconsistent with the idea that it was the actual drilling of future wells, or even the letting of the contract to appellee to drill same that was to constitute the discharge of the former obligation. The testimony shows clearly if there was any such agreement that the promise of appellant, and not the actual awarding of the contract, or the drilling of the wells, was accepted for the discharge. Such being the case, under the authorities hereinbefore cited, beginning with Gulf, C. & S. F. Ry. Co. v. Harriett, supra, upon a breach of the subsequent agreement, the cause of action, if any, was upon that agreement, and not the discharged contract. It is elementary that a party must recover if at all on the identical contract alleged. McAlister v. Bivings (Tex. Civ. App.) 29 S.W.(2d) 853, and authorities cited.

It is, therefore, our conclusion that the judgment of the court below should be reversed and judgment rendered for the appellant, which is accordingly so ordered.