Kells 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-446-CV





HOWARD P. KELLS AND CALTEX JOINT VENTURE,



 APPELLANTS


vs.





JOHN J. MALONEY AND MARIANNE MALONEY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 451,877, HONORABLE HUME COFER, JUDGE PRESIDING



 





 This case involves an appeal from a summary judgment granted by the trial court
in favor of the appellees, the Maloneys, who brought suit to collect a deficiency remaining after
they foreclosed upon the real property securing a promissory note owed them by appellants
Howard P. Kells and Caltex Joint Venture ("Caltex"). Appellants seek to reverse the trial court's
order, claiming that material facts remain disputed and therefore summary judgment was
improper. We will affirm the trial court's judgment.

 Caltex is a joint venture consisting of Kells and other persons not involved in this
appeal. In 1985, appellants purchased from the Maloneys certain real property located in Travis
County and signed a promissory note to them for $30,000, secured by a deed of trust on the
property. This note was to be paid in five annual installments of $3300 or more each, beginning
April 30, 1986, with the balance due in full no later than April 30, 1990. Only the first payment
was made timely, and only one partial payment was made thereafter. In May of 1987, Kells and
the Maloneys came to an oral agreement, as reflected in a September 18, 1987, letter from John
Maloney to Kells. Kells claims that, as consideration for a lower interest rate and deferred
payment of the 1987 installment, he and Caltex agreed to improve the property and thus enhance
its value as collateral. The Maloneys dispute this contention, pointing out it was not mentioned
in a letter from them to Kells confirming the oral agreement. Further, appellees argue there was
no consideration for any subsequent agreement. All parties agree, nonetheless, that under both
the original and modified agreements an installment was due on April 30, 1988. Kells conceded
at oral argument, and does not dispute in his brief to this court, that no such payment was made
on that date. Thereafter, the Maloneys sent in succession a written notice of default, an
acceleration letter, notice of foreclosure, and a demand letter for the deficiency remaining after
applying the proceeds from the sale. The Maloneys then brought the present action seeking to
recover the remaining deficiency and attorneys' fees.

 The Maloneys moved for summary judgment and Kells defended on the ground that
the appellees were improperly seeking to recover under the terms of the original agreement rather
than the modified one. Eventually, Kells counterclaimed that the Maloneys' action constituted a
breach of the second agreement. The trial court granted appellees' first motion for summary
judgment on the deficiency and later issued a final order disposing of appellants' counterclaim in
response to appellees' second motion for summary judgment. Appellants assert four points of
error, all of which depend upon the contention that controverted fact issues material to appellees'
cause of action exist, rendering summary judgment improper.

 A movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a
disputed material fact issue precluding summary judgment, we must take as true all evidence
favoring the non-movant and indulge every reasonable inference and resolve every doubt in favor
of the non-movant. Id. at 548-49.

 Here, the only fact appellants dispute is not material to appellees' recovery. Even
if we assume that a question exists regarding consideration for the second agreement, the summary
judgment must be affirmed. Appellants' sole short paragraph of argument merely asserts that a
second agreement was entered into by the parties; they do not contest, and indeed admitted at oral
argument, their breach of the parties' modified agreement by their failure to pay the 1988
installment required under either contract.

 Both parties refer to the subsequent agreement as a modification of the original
contract on the note. It is settled law, and appellants do not dispute, that in this situation



. . . [A] right of action on the original contract is merely suspended, and if there
be a default in the performance of the substituted agreement, a right of election
exists on the part of the obligee to declare a rescission of the subsequent agreement
and rely upon the original agreement, or to waive any right under the original
agreement and to enforce the subsequent agreement.



Worth Petroleum Co. v. Callahan, 82 S.W.2d 1060, 1063 (Tex. Civ. App.--Eastland 1935, no
writ). The Maloneys elected to proceed under the original note's terms after Kells defaulted upon
his substituted performance. Appellants' argument that a modified agreement merely exists does
not address this central issue. Appellee, therefore, was entitled to judgment as a matter of law
as no material dispute of fact remained.

 Appellants suggested at oral argument before this court that the second agreement
constituted a novation, in which case the original contract would be extinguished and no remedy
would exist under its terms. Appellants failed to make this argument below or in the brief for this
court and presented no evidence of such intent to the trial court. Intent of the parties is required
in order for a new note to extinguish the former one. Villarreal v. Laredo Nat. Bank, 677 S.W.2d
600, 607 (Tex. App.--San Antonio 1984, writ ref'd n.r.e.). Furthermore, novation is an
affirmative defense that must be raised by the pleadings or else is waived. Lincoln v. King, 193
S.W. 437, 439 (Tex. Civ. App.--Amarillo 1946, no writ). Appellants thus cannot argue now, after
their unfailing insistence of a modification, that the original agreement was expunged.

 Appellants' points of error are all overruled. The judgment of the trial court is
affirmed.

 


 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: October 21, 1992

[Do Not Publish]