02-11-002-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 


 
 
 Juan Alberto Rey and Roberto Alvarez-Rey
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Carlos Lara and Benito Lara
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 96th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellants
Juan Alberto Rey and Roberto Alvarez-Rey[2] appeal the trial court’s
judgment that they take nothing in their breach of contract and fraud suit
against appellees and brothers Carlos and Benito Lara.  Appellants contend in
four points that the trial court reversibly erred by failing to file findings
of fact and conclusions of law, by making implicit rather than explicit
findings in support of the judgment, and by rendering a judgment based on
legally and factually insufficient evidence.  We reverse and render a judgment
for Rey only in the amount of $2,000, but we also remand for a determination of
attorney’s fees and costs.

Background
Facts

          In
2007, Rey gave appellees money for their business, the Copa Cabana nightclub,
which is located in Fort Worth.  The parties verbally agreed to form a
partnership pursuant to which Rey would be paid some percentage of any profit
made by the club.  Rey began assisting appellees with the business, and his
nephew, Alvarez-Rey, also worked there.  Appellees paid Alvarez-Rey a weekly
salary.  However, appellees eventually accused Alvarez-Rey of stealing money, and
they fired him.  Soon thereafter, appellants sued appellees for breach of
contract and fraud.  Appellants sought, among other things, to recover the
amount they claimed Rey loaned appellees for the business, the promised but
unpaid portion of the business’s profits since 2007, $25,000 for Alvarez-Rey’s
installation of sound and lighting equipment at the nightclub, and attorney’s
fees and court costs.

After
a bench trial, the trial court rendered a take-nothing judgment for appellees.

Findings of Fact and
Conclusions of Law

          Appellants
claim in their first and fourth points that the trial court erred by refusing
to file written findings of fact and conclusions of law and by making implicit
rather than explicit findings.  Because these points are essentially the same,
we review them together.

          Appellants
timely filed a request for findings of fact and conclusions of law under Texas
Rule of Civil Procedure 296.  Tex. R. Civ. P. 296.  However, nothing in the
record shows that they filed a notice of past due findings of fact and
conclusions of law as required by rule 297.  Tex. R. Civ. P. 297.  When a party
fails to file the past due notice pursuant to rule 297, the findings and
conclusions are not properly requested.  Licata v. Licata, 11 S.W.3d
269, 272 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  Appellants have thus
failed to preserve any complaint that the trial court erred because it did not
file the requested findings of fact and conclusions of law.  See Am. Realty
Trust, Inc. v. JDN Real Estate–McKinney, L.P., 74 S.W.3d 527, 530 (Tex.
App.—Dallas 2002, pet. denied); Licata, 11 S.W.3d at 272.

In a
nonjury trial in which findings of fact and conclusions of law are not filed or
properly requested, it is implied that the trial court made all the necessary
findings to support its judgment.  Roberson v. Robinson, 768 S.W.2d 280,
281 (Tex. 1989).  When the record is brought forward on appeal, the court’s
implied findings of fact still may be challenged under a sufficiency of the
evidence argument.  See id.  Thus, we can still review appellants’
remaining points in light of the trial court’s implicit findings, and the trial
court did not err by making implicit rather than explicit findings.  See
Tex. R. App. P. 44.4.  We overrule appellants’ first and fourth points.

Sufficiency
of the Evidence

          In
their second and third points, appellants challenge the legal and factual sufficiency
of the evidence to support the trial court’s take-nothing judgment.

Standards
of Review

          Legal
Sufficiency

          We
may sustain a legal sufficiency challenge only when (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334
(Tex. 1998), cert. denied, 526 U.S. 1040 (1999); Robert W. Calvert, “No
Evidence” and “Insufficient Evidence” Points of Error, 38 Tex. L. Rev. 361,
362–63 (1960).  In determining whether there is legally sufficient evidence to
support the finding under review, we must consider evidence favorable to the
finding if a reasonable factfinder could and disregard evidence contrary to the
finding unless a reasonable factfinder could not.  Cent. Ready Mix Concrete
Co. v. Islas, 228 S.W.3d 649, 651 (Tex. 2007); City of Keller v. Wilson,
168 S.W.3d 802, 807, 827 (Tex. 2005).

          If
a party is attacking the legal sufficiency of an adverse finding on an issue on
which the party had the burden of proof, and there is no evidence to support
the finding, we review all the evidence to determine whether the contrary
proposition is established as a matter of law.  Dow Chem. Co. v. Francis,
46 S.W.3d 237, 241 (Tex. 2001); Sterner v. Marathon Oil Co., 767 S.W.2d
686, 690 (Tex. 1989).

          Factual
Sufficiency

When
reviewing an assertion that the evidence is factually insufficient to support a
finding, we set aside the finding only if, after considering and weighing all
of the evidence in the record pertinent to that finding, we determine that the
credible evidence supporting the finding is so weak, or so contrary to the
overwhelming weight of all the evidence, that the answer should be set aside
and a new trial ordered.  Pool v. Ford Motor Co., 715 S.W.2d 629, 635
(Tex. 1986) (op. on reh’g); Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

Applicable
Law

To prevail on their breach of contract claim,[3]
appellants had to prove the following:  (1) the existence of a valid contract;
(2) their performance or tendered performance; (3) appellees’ breach; and (4) their
resulting damages from that breach.  Wood Care Ctrs., Inc. v. Evangel Temple
Assembly of God of Wichita Falls, Tex., 307 S.W.3d 816, 824 (Tex. App.—Fort
Worth 2010, pet. denied).  To establish the existence of an enforceable
contract, appellants had to prove an offer, an acceptance in strict compliance
with the terms of the offer, a meeting of the minds, each party’s consent to
the terms, and execution and delivery of the contract with the intent that it
be mutually binding.  City of the Colony v. N. Tex. Mun. Water Dist.,
272 S.W.3d 699, 720 (Tex. App.—Fort Worth 2008, pet. dism’d).  A contract is
not enforceable unless the court can determine the parties’ legal obligations
and liabilities.  T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d
218, 221 (Tex. 1992).

Analysis

          Rey
testified that he initially loaned appellees $17,000 to pay for debts of the
business, and in exchange, appellees verbally offered him and Alvarez-Rey thirty-three
percent each of the business.  Rey testified that appellees promised to pay him
back and, in addition, to pay him a portion of the club’s profits.  However,
Rey admitted that the agreement did not include terms for interest, nor did it
include a time for repayment.

          Rey
also testified that he paid an additional $22,172 to appellees for various
business transactions, articles of incorporation for a corporation created to
run the nightclub and hold the liquor license,[4] an indemnity bond to
obtain a liquor license, an accountant, and other expenses, including payment
for waste services, the health department, and liquor.  Rey presented as
evidence of what he paid appellees cash receipts from October, November, and
December 2007 showing amounts “received from Copa Cabana” to various employees;
almost all of the receipts are signed by “Roberto A.”  According to Rey, at
least some of these funds were paid with money he advanced to appellees;
however, he admitted that some of the funds used could have been from money the
club had made.[5]

          Benito
testified that Rey loaned him and Carlos $9,000 and that they had a verbal
partnership agreement.  According to Benito, however, appellees agreed to pay Rey
what they owed him only when the club became financially stable:

Q:  Y’all did have an
agreement to operate the business together; isn’t that correct?  That’s why he gave
you the money; isn’t that correct?

 

A:  Yes.  Yes, sir.  

 

Q:  There seems to be
some dispute in essence of time.  Can you resolve the dispute as to what was
the agreement that y’all initially made?

 

A:  What kind of
dispute?

 

Q:  About how the
money would be – if he made an investment, how he would –

 

A:  The bar right
now, like I told you before, is not making – I mean, it’s barely making it.  We
agreed to pay him once the bar started, you know, being stable, and it isn’t
right now.

 

Q:  Okay.  But y’all
had a partnership agreement, didn’t you?

 

A: 
Verbal.

Benito
further testified that at the time of trial, the club could barely pay its
bills and had never been profitable.

          We
conclude and hold that appellants established as a matter of law that appellees
agreed to repay the money advanced to them by Rey in addition to some
percentage of the profits.  However, although Rey testified that there was no
designated time for repayment, Benito testified that appellees agreed to pay
Rey only after the club became profitable, and it had not yet done so.  See
Tex. Bus. & Com. Code Ann. § 3.108 (West 2002) (distinguishing promises
payable on demand and payable at a definite time); Worth Petroleum Co. v.
Callihan, 82 S.W.2d 1060, 1062 (Tex. Civ. App.––Eastland 1935, no writ).  Rey
testified that shortly after he and Alvarez-Rey began working there in 2007,
the club was making between $5,000 and $7,000 a week, but there is no evidence
of what the club’s expenses were at that time.  Rey also admitted that there
was no way Alvarez-Rey could have stolen $45,000 while working at the club because
there was no way the club made that much.  Accordingly, we conclude and hold
that although appellants conclusively proved that appellees owed Rey at least
$9,000, they did not conclusively prove the occurrence of the condition
triggering the repayment obligation––i.e., the club’s becoming profitable––or under
what terms.

          Appellants
did present a signed, handwritten note executed while the suit was pending
acknowledging that Rey had loaned Carlos $2,000 and containing Carlos’s promise
to repay Rey in two installments due on September 11, 2010 and September 18,
2010.  Carlos admitted that he owed Rey the $2,000.  Rockwall Commons
Assocs., Ltd. v. MRC Mortg. Grantor Trust I, 331 S.W.3d 500, 505 (Tex.
App.––El Paso 2010, no pet.) (“A plaintiff who sues for recovery on a
promissory note does not have to prove all essential elements for a breach of
contract but rather need only establish the note in question, that the
defendant signed it, that the plaintiff was the legal owner and holder thereof,
and that a certain balance is due and owing on the note.”).  There was no
condition of repayment of the note other than the set dates of September 11 and
18, 2000.

          After
considering all of the evidence, we conclude that appellants conclusively
proved that Carlos owed Rey $2,000 and that this obligation, as opposed to the
at least $9,000 to which Benito admitted, had matured by the time of trial. 
Accordingly, we conclude and hold that the evidence is legally insufficient to
support a take-nothing judgment for Rey as against Carlos.  We sustain appellants’
second point as to Rey’s breach of contract claim against Carlos.  We overrule
it as to Alvarez-Rey’s claims against appellees and Rey’s claims against
Benito.

          We
likewise conclude that the evidence is factually sufficient to support the
trial court’s take-nothing judgment for Alvarez-Rey against appellees and Rey’s
claims against Benito.  Rey testified that appellees owed Alvarez-Rey $25,000
for “all the time that he spent putting all the sound and lighting equipment
together.”  Rey admitted that appellees paid Alvarez-Rey weekly for his work at
the club, but he did not think Alvarez-Rey had been paid enough.  Appellants
did not present any evidence of additional work performed by Alvarez-Rey or any
agreement to pay him extra for helping with the sound and lighting equipment. 
Additionally, Rey’s testimony that the club was, at some point, earning between
$5,000 and $7,000 a week, without evidence of its expenses during that time,
does not so outweigh Benito’s testimony that the club had never been profitable
that the take-nothing judgment as against Benito should be set aside and a new
trial ordered.  We overrule appellants’ third point as to Alvarez-Rey’s claims
against appellees and Rey’s claims against Benito.

Conclusion

          Having
sustained appellants’ second point, we reverse the trial court’s take-nothing
judgment for Rey as to his breach of contract claim against Carlos and render
judgment for Rey against Carlos in the amount of $2,000.  See Tex. R.
App. P. 43.2(c), 43.3.  We affirm the trial court’s judgment as to Alvarez-Rey
and Rey’s claims against Benito.  However, we also remand the case to the trial
court to determine attorney’s fees and costs attributable to Rey’s claim
against Carlos under section 38.001 of the civil practice and remedies code.  See
Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008); Orix Capital
Mkts. LLC v. Wash. Mut. Bank, 260 S.W.3d 620, 625–26 (Tex. App.––Dallas 2008,
no pet.); Cardenas v. Varner, 182 S.W.3d 380, 383–84 (Tex. App.––Amarillo
2005), aff’d in part, 218 S.W.3d 68 (Tex. 2007).

 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  December 15,
2011








 









[1]See Tex. R. App. P. 47.4.





[2]We will refer to Juan as
Rey and Roberto as Alvarez-Rey.





[3]Appellants apparently
abandoned their fraud claim at trial.





[4]The sole incorporator,
director, and registered agent named in the articles of incorporation is
Benito.  Rey testified that the parties agreed to this arrangement because
Benito, as a United States citizen, could apply for a liquor license.





[5]Rey said that he had
accounting books showing how much he gave, but he did not offer them into
evidence.