

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

### NO. 02-11-00002-CV

JUAN ALBERTO REY AND                                    APPELLANTS
ROBERTO ALVAREZ-REY

V.

CARLOS LARA AND BENITO LARA                            APPELLEES

----------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Juan Alberto Rey and Roberto Alvarez-Rey[2] appeal the trial court's judgment that they take nothing in their breach of contract and fraud suit against appellees and brothers Carlos and Benito Lara. Appellants contend in four points that the trial court reversibly erred by failing to file findings of fact and

----

[1]*See* Tex. R. App. P. 47.4.

[2]We will refer to Juan as Rey and Roberto as Alvarez-Rey.

conclusions of law, by making implicit rather than explicit findings in support of the judgment, and by rendering a judgment based on legally and factually insufficient evidence. We reverse and render a judgment for Rey only in the amount of $2,000, but we also remand for a determination of attorney's fees and costs.

## Background Facts

In 2007, Rey gave appellees money for their business, the Copa Cabana nightclub, which is located in Fort Worth. The parties verbally agreed to form a partnership pursuant to which Rey would be paid some percentage of any profit made by the club. Rey began assisting appellees with the business, and his nephew, Alvarez-Rey, also worked there. Appellees paid Alvarez-Rey a weekly salary. However, appellees eventually accused Alvarez-Rey of stealing money, and they fired him. Soon thereafter, appellants sued appellees for breach of contract and fraud. Appellants sought, among other things, to recover the amount they claimed Rey loaned appellees for the business, the promised but unpaid portion of the business's profits since 2007, $25,000 for Alvarez-Rey's installation of sound and lighting equipment at the nightclub, and attorney's fees and court costs.

After a bench trial, the trial court rendered a take-nothing judgment for appellees.

**Findings of Fact and Conclusions of Law**

Appellants claim in their first and fourth points that the trial court erred by refusing to file written findings of fact and conclusions of law and by making implicit rather than explicit findings. Because these points are essentially the same, we review them together.

Appellants timely filed a request for findings of fact and conclusions of law under Texas Rule of Civil Procedure 296. Tex. R. Civ. P. 296. However, nothing in the record shows that they filed a notice of past due findings of fact and conclusions of law as required by rule 297. Tex. R. Civ. P. 297. When a party fails to file the past due notice pursuant to rule 297, the findings and conclusions are not properly requested. *Licata v. Licata*, 11 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Appellants have thus failed to preserve any complaint that the trial court erred because it did not file the requested findings of fact and conclusions of law. *See Am. Realty Trust, Inc. v. JDN Real Estate–McKinney, L.P.*, 74 S.W.3d 527, 530 (Tex. App.—Dallas 2002, pet. denied); *Licata*, 11 S.W.3d at 272.

In a nonjury trial in which findings of fact and conclusions of law are not filed or properly requested, it is implied that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). When the record is brought forward on appeal, the court's implied findings of fact still may be challenged under a sufficiency of the evidence argument. *See id*. Thus, we can still review appellants' remaining points in light

3

of the trial court's implicit findings, and the trial court did not err by making implicit rather than explicit findings. *See* Tex. R. App. P. 44.4. We overrule appellants' first and fourth points.

**Sufficiency of the Evidence**

In their second and third points, appellants challenge the legal and factual sufficiency of the evidence to support the trial court's take-nothing judgment.

**Standards of Review**

**Legal Sufficiency**

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

If a party is attacking the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, and there is no evidence to support the finding, we review all the evidence to determine whether the contrary proposition is established as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

**Factual Sufficiency**

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

**Applicable Law**

To prevail on their breach of contract claim,[3] appellants had to prove the following: (1) the existence of a valid contract; (2) their performance or tendered performance; (3) appellees' breach; and (4) their resulting damages from that breach. *Wood Care Ctrs., Inc. v. Evangel Temple Assembly of God of Wichita*

---

[3]Appellants apparently abandoned their fraud claim at trial.

*Falls, Tex.*, 307 S.W.3d 816, 824 (Tex. App.—Fort Worth 2010, pet. denied). To establish the existence of an enforceable contract, appellants had to prove an offer, an acceptance in strict compliance with the terms of the offer, a meeting of the minds, each party's consent to the terms, and execution and delivery of the contract with the intent that it be mutually binding. *City of the Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 720 (Tex. App.—Fort Worth 2008, pet. dism'd). A contract is not enforceable unless the court can determine the parties' legal obligations and liabilities. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992).

**Analysis**

Rey testified that he initially loaned appellees $17,000 to pay for debts of the business, and in exchange, appellees verbally offered him and Alvarez-Rey thirty-three percent each of the business. Rey testified that appellees promised to pay him back and, in addition, to pay him a portion of the club's profits. However, Rey admitted that the agreement did not include terms for interest, nor did it include a time for repayment.

Rey also testified that he paid an additional $22,172 to appellees for various business transactions, articles of incorporation for a corporation created to run the nightclub and hold the liquor license,[4] an indemnity bond to obtain a

---

[4]The sole incorporator, director, and registered agent named in the articles of incorporation is Benito. Rey testified that the parties agreed to this arrangement because Benito, as a United States citizen, could apply for a liquor license.

6

liquor license, an accountant, and other expenses, including payment for waste services, the health department, and liquor. Rey presented as evidence of what he paid appellees cash receipts from October, November, and December 2007 showing amounts "received from Copa Cabana" to various employees; almost all of the receipts are signed by "Roberto A." According to Rey, at least some of these funds were paid with money he advanced to appellees; however, he admitted that some of the funds used could have been from money the club had made.[5]

Benito testified that Rey loaned him and Carlos $9,000 and that they had a verbal partnership agreement. According to Benito, however, appellees agreed to pay Rey what they owed him only when the club became financially stable:

> Q: Y'all did have an agreement to operate the business together; isn't that correct? That's why he gave you the money; isn't that correct?
>
> A: Yes. Yes, sir.
>
> Q: There seems to be some dispute in essence of time. Can you resolve the dispute as to what was the agreement that y'all initially made?
>
> A: What kind of dispute?
>
> Q: About how the money would be – if he made an investment, how he would –

---

[5]Rey said that he had accounting books showing how much he gave, but he did not offer them into evidence.

A: The bar right now, like I told you before, is not making – I mean, it's barely making it. We agreed to pay him once the bar started, you know, being stable, and it isn't right now.

Q: Okay. But y'all had a partnership agreement, didn't you?

A: Verbal.

Benito further testified that at the time of trial, the club could barely pay its bills and had never been profitable.

We conclude and hold that appellants established as a matter of law that appellees agreed to repay the money advanced to them by Rey in addition to some percentage of the profits. However, although Rey testified that there was no designated time for repayment, Benito testified that appellees agreed to pay Rey only after the club became profitable, and it had not yet done so. *See* Tex. Bus. & Com. Code Ann. § 3.108 (West 2002) (distinguishing promises payable on demand and payable at a definite time); *Worth Petroleum Co. v. Callihan*, 82 S.W.2d 1060, 1062 (Tex. Civ. App.—Eastland 1935, no writ). Rey testified that shortly after he and Alvarez-Rey began working there in 2007, the club was making between $5,000 and $7,000 a week, but there is no evidence of what the club's expenses were at that time. Rey also admitted that there was no way Alvarez-Rey could have stolen $45,000 while working at the club because there was no way the club made that much. Accordingly, we conclude and hold that although appellants conclusively proved that appellees owed Rey at least $9,000, they did not conclusively prove the occurrence of the condition triggering

8

the repayment obligation—i.e., the club's becoming profitable—or under what terms.

Appellants did present a signed, handwritten note executed while the suit was pending acknowledging that Rey had loaned Carlos $2,000 and containing Carlos's promise to repay Rey in two installments due on September 11, 2010 and September 18, 2010. Carlos admitted that he owed Rey the $2,000. *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 505 (Tex. App.—El Paso 2010, no pet.) ("A plaintiff who sues for recovery on a promissory note does not have to prove all essential elements for a breach of contract but rather need only establish the note in question, that the defendant signed it, that the plaintiff was the legal owner and holder thereof, and that a certain balance is due and owing on the note."). There was no condition of repayment of the note other than the set dates of September 11 and 18, 2000.

After considering all of the evidence, we conclude that appellants conclusively proved that Carlos owed Rey $2,000 and that this obligation, as opposed to the at least $9,000 to which Benito admitted, had matured by the time of trial. Accordingly, we conclude and hold that the evidence is legally insufficient to support a take-nothing judgment for Rey as against Carlos. We sustain appellants' second point as to Rey's breach of contract claim against Carlos. We overrule it as to Alvarez-Rey's claims against appellees and Rey's claims against Benito.

9

We likewise conclude that the evidence is factually sufficient to support the trial court's take-nothing judgment for Alvarez-Rey against appellees and Rey's claims against Benito. Rey testified that appellees owed Alvarez-Rey $25,000 for "all the time that he spent putting all the sound and lighting equipment together." Rey admitted that appellees paid Alvarez-Rey weekly for his work at the club, but he did not think Alvarez-Rey had been paid enough. Appellants did not present any evidence of additional work performed by Alvarez-Rey or any agreement to pay him extra for helping with the sound and lighting equipment. Additionally, Rey's testimony that the club was, at some point, earning between $5,000 and $7,000 a week, without evidence of its expenses during that time, does not so outweigh Benito's testimony that the club had never been profitable that the take-nothing judgment as against Benito should be set aside and a new trial ordered. We overrule appellants' third point as to Alvarez-Rey's claims against appellees and Rey's claims against Benito.

## Conclusion

Having sustained appellants' second point, we reverse the trial court's take-nothing judgment for Rey as to his breach of contract claim against Carlos and render judgment for Rey against Carlos in the amount of $2,000. *See* Tex. R. App. P. 43.2(c), 43.3. We affirm the trial court's judgment as to Alvarez-Rey and Rey's claims against Benito. However, we also remand the case to the trial court to determine attorney's fees and costs attributable to Rey's claim against Carlos under section 38.001 of the civil practice and remedies code. *See* Tex.

10

Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008); *Orix Capital Mkts. LLC v. Wash. Mut. Bank*, 260 S.W.3d 620, 625–26 (Tex. App.—Dallas 2008, no pet.); *Cardenas v. Varner*, 182 S.W.3d 380, 383–84 (Tex. App.—Amarillo 2005), *aff'd in part*, 218 S.W.3d 68 (Tex. 2007).

                                                    TERRIE LIVINGSTON
                                                    CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  December 15, 2011